

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

EUGENE DEWITT COSTINE,

    Plaintiff,

v.                                  ACTION NO. 2:19cv53

CORRECT CARE SOLUTIONS, LLC,
and HAMPTON ROADS REGIONAL
JAIL AUTHORITY,

    Defendants.

## OPINION AND ORDER

The plaintiff, Eugene Dewitt Costine ("Plaintiff"), filed this Section 1983 action against the defendants, Correct Care Solutions, LLC and Hampton Roads Regional Jail Authority, seeking $10 million in damages stemming from the amputation of his left foot in June 2017, which Plaintiff claims was caused by the allegedly negligent medical care he received as an inmate in Hampton Roads Regional Jail in Portsmouth, Virginia, from 2016 to 2017. Defendant Correct Care Solutions, LLC moved to dismiss or, in the alternative, strike Counts I, V, VI, and VII of the amended complaint on various grounds. ECF No. 40. For the reasons stated herein, such motion is **GRANTED**.

**I.    PROCEDURAL HISTORY**

On January 29, 2019, Eugene D. Costine ("Plaintiff") filed the instant action against defendants Correct Care Solutions, LLC ("CCS") and Hampton Roads Regional Jail Authority ("HRRJA") (collectively, "Defendants") seeking $10 million in damages for injuries sustained due to the allegedly inadequate medical care Plaintiff received while incarcerated at Hampton Roads

1

Regional Jail. Complaint, ECF No. 1 (hereinafter "Compl."). On March 1, 2019, defendant CCS filed its answer to the complaint along with several affirmative defenses. ECF No. 14. On March 20, 2019, defendant HRRJA filed its answer to the complaint along with several affirmative defenses. ECF No. 18.

On March 20, 2019, HRRJA also filed a Motion to Dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") along with a supporting memorandum. ECF Nos. 16, 17. The motion was fully briefed. See Plaintiff's Response, ECF No. 22, and HRRJA's Reply, ECF No. 23. On June 24, 2019, the Court conducted a hearing on same. By Order dated July 2, 2019, the Court granted HRRJA's Motion to Dismiss, dismissing HRRJA as a defendant from the case and indicating that Plaintiff's action should proceed against the non-moving defendant, CCS. ECF No. 29.

On October 10, 2019, CCS filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the FRCP along with a supporting memorandum ("Mem."). ECF Nos. 31, 32. Plaintiff failed to timely respond. By Order dated November 1, 2019, the Court granted CCS's Motion for Judgment on the Pleadings, thereby dismissing Plaintiff's complaint without prejudice. ECF No. 33. Further, the Court granted Plaintiff an opportunity to file an amended complaint within fourteen days of the date therein. Id.

Accordingly, Plaintiff filed his Amended Complaint (hereinafter "Am. Compl.") on November 13, 2019, ECF No. 35, to which CCS filed its Answer on November 26, 2019, ECF No. 39. On November 26, 2019, CCS filed the instant Motion to Dismiss or, in the Alternative, Strike Counts I, V, VI, and VII of Plaintiff's First Amended Complaint (hereinafter "Motion to Dismiss or Strike" or "Motion") along with a supporting memorandum ("Mem."). ECF Nos. 40, 41. Plaintiff failed to timely respond. CCS's Motion to Dismiss or Strike is now before the Court.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion permits dismissal of a complaint where it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion must be read in conjunction with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 550 (2007) (internal quotation omitted). To satisfy this pleading standard, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level" to survive a motion to dismiss. Id.

Because a Rule 12(b)(6) motion tests the sufficiency of a complaint without resolving factual disputes, the court "must accept as true all of the factual allegations contained in the complaint" and "draw all reasonable inferences in favor of the plaintiff." Kensington Volunteer Fire Dep't v. Montgomery County, 684 F.3d 462, 467 (4th Cir. 2012) (internal quotations omitted). However, the court is not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd., 213 F.3d 175, 180 (4th Cir. 2000).

Alternatively, CCS asks the Court to strike Counts I, V, VI, and VII of Plaintiff's Amended Complaint pursuant to Rule 12(f). Rule 12(f) states:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a

3

dilatory tactic.' " Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal citation omitted).

## III. FACTS ALLEGED IN THE AMENDED COMPLAINT

As set forth above, when deciding CCS's Motion to Dismiss or Strike, the Court must assume the truth of all well-pleaded factual allegations contained in Plaintiff's amended complaint. These allegations are as follows.

In or about November 2014, Plaintiff, a resident of Newport News, Virginia, underwent surgery on his left foot at the VCU Medical Center in Richmond. Am. Compl. ¶ 1, 8. He was subsequently placed under the care of Dr. Eugene Link of TPMG in Newport News, who conducted home-care visits at Plaintiff's home three times a week. Id. ¶ 8.

On or about October 2, 2016, Plaintiff was detained in the Newport News City Jail by the Newport News Sheriff's Department. Id. ¶ 9. At that time, Plaintiff's foot wound was still being treated by Dr. Link, with the most recent date of such treatment occurring on or about September 29, 2016. Id. Plaintiff was held in Newport News City Jail for approximately two weeks during which time he received occasional wound treatment and bandage changes. Id. ¶ 10.

On or about October 17, 2016, Plaintiff was transferred from Newport News City Jail to Maryview Hospital where he underwent surgery to clear out an infection in his left foot. Id. ¶ 11. After approximately one week at the hospital, he was transferred to Hampton Roads Regional Jail ("HRRJ") "where he was to continue receiving intravenous antibiotics daily and external wound care." Id. ¶ 12. At all relevant times, "Correct Care Solutions, LLC [CCS] was responsible for providing medical care to inmates housed at the [HRRJ] as an independent medical provider or in the alternative acting as agent, servant, or employee of Defendant [HRRJA]." Id. ¶ 3.

While being held at HRRJ, and while under the care of CCS, Plaintiff's wounds were not cared for as directed in the Plaintiff's discharge instructions from Maryview Hospital. Id. ¶ 13.

4

For example, Plaintiff was "forced to endure long gaps in between bandage [changes] causing his wounds to not heal as expected." Id.

In March 2017, CCS medical staff placed Plaintiff's foot in a Unaboot. Id. ¶ 14. After this, Plaintiff's wound care "continued to be sporadic and inadequate with Plaintiff sometimes being deprived up to a week between wound cleaning and re-bandaging." Id.

At some point between March 2017 and June 2017, Plaintiff's left foot began to emit noxious odors and to seep fluid. Id. ¶ 15. Defendants were made aware of this condition, after which time CCS instructed Plaintiff to do his "own wound care" and provided Plaintiff bandages every two to four days. Id. At some point between June 17 and 19, 2017, Plaintiff developed a fever. Id. ¶ 16. "Defendants were notified about the fever but failed to act until Plaintiff's fever reached 104 degrees." Id.

Plaintiff was then transported to Sentara Norfolk General Hospital where he was diagnosed with sepsis. Id. ¶ 17. An MRI revealed that the bones in Plaintiff's left foot were infected. Id. Because of the infection, Plaintiff's left foot was amputated up to his mid-calf. Id. Plaintiff claims that the infection in his foot was caused by CCS's "lack of care and failure to follow discharge instructions" from Maryview Hospital as well as HRRJA's failure to supervise CCS. Id. ¶ 15. On January 29, 2019, Plaintiff filed the instant lawsuit against defendants HRRJA and CCS.

## IV. DISCUSSION

In its Motion, Defendant CCS contends: (1) Plaintiff's negligence claim in Count I is time-barred; (2) Plaintiff's punitive damages claim in Count V is not an independent cause of action; and (3) Plaintiff's jury demand in Count VI and prayer for relief in Count VII do not qualify as counts for purposes of pleading. For the reasons below, the Court agrees.

5

### A. PLAINTIFF'S MEDICAL NEGLIGENCE CLAIM IS TIME-BARRED.

CCS first argues that Plaintiff's medical negligence claim is barred by the one-year statute of limitations set forth in Va. Code § 8.01-243.2. ECF No. 41 at 5. Such provision provides:

> No person confined in a state or local correctional facility shall bring or have brought on his behalf any personal action relating to the conditions of his confinement until all available administrative remedies are exhausted. Such action shall be brought by or on behalf of such person *within one year after cause of action accrues* or within six months after all administrative remedies are exhausted, whichever occurs later.

Va. Code § 8.01-243.2 (emphasis added). CCS argues that Plaintiff's negligence claim relates to the conditions of his confinement and, because he fails to allege any exhaustion of administrative remedies, Plaintiff was required to bring such claim within one year of the cause of action accruing. CCS further argues that the latest the cause of action could have accrued is on December 1, 2017 when Plaintiff was release from HRRJ. Based on this date, Plaintiff had until December 1, 2018 to file his complaint. However, Plaintiff did not file the complaint until January 29, 2019.

For the same reasons stated in the Court's Order dated July 2, 2019, ECF No. 29, and in accordance with the law of the case doctrine, the Court finds that Plaintiff's state-law negligence claim against CCS is barred by the applicable statute of limitations. Accordingly, Count I of Plaintiff's Amended Complaint must be dismissed.

### B. PLAINTIFF'S PUNITIVE DAMAGES CLAIM IS NOT AN INDEPENDENT CAUSE OF ACTION.

CCS next contends that Virginia does not recognize Plaintiff's punitive damages claim in Count V as an independent cause of action. ECF No. 41 at 6. Accordingly, CCS requests that the Court dismiss Count V. In Count V of his Amended Complaint, Plaintiff alleges that CCS's conduct "was no [sic] willful and wanton, or reckless, as to evidence a conscious disregard for thr [sic] rights of others . . . ." Am. Compl. ¶ 56. Plaintiff then contends that such conduct warrants "the imposition of significant punitive damages." Id. ¶ 57.

It is unclear why Plaintiff has listed "punitive damages" as a count in the amended complaint. Curiously, Plaintiff later includes the request for punitive damages under the "Prayer for Relief" section of the amended complaint. Id. at 13. Regardless, the Court agrees that dismissal of Count V is proper, as "[a]t law, there is no independent, free-standing claim for punitive damages. Rather, punitive damages are an element of damages available if certain claims are proved." Saleh v. Univ. of Va., No. 3:97–CV–460, 1999 WL 34798179, at *6 n.4 (E.D. Va. Feb. 25, 1999). As such, Count V of Plaintiff's Amended Complaint must be dismissed.

Despite this dismissal, it "make[s] no practical difference here because [plaintiff] makes the same request in its prayer for relief." Corval Constrs., Inc. v. Tesoro Ref. Mktg. Co., LLC, No. 19-cv-01277, 2019 WL 5260483, at *5 (D. Minn. Oct. 17, 2019). Accordingly, Plaintiff will still be permitted to seek punitive damages in effect pursuant to his prayer for relief, which requests "punitive damages in the amount of $10 million (10,000,000,00) for the federal claims asserted herein and $350,000 in connection with the state claims asserted herein . . . ." Am. Comp. Count VII.

### C. Plaintiff's Jury Demand in Count VI and Prayer for Relief in Count VII are Not Counts for Purposes of Pleading.

Lastly, CCS asserts that Plaintiff's jury demand in Count VI and prayer for relief in Count VII should be dismissed or stricken, as they are not counts for the purposes of pleading. ECF No. 41 at 6. To be clear, Plaintiff makes a standalone jury demand in Count VI and prayer for relief in Count VII. Am. Comp. Counts VI–VII. As such, Counts VI and VII consist of nothing further in substance beyond the jury demand and prayer for relief.

A proper count within a complaint must include a cause of action. See 1 Am. Jur. 2d Actions § 2 (1962) (footnotes omitted) ("[T]he cause is the right of the party to bring the suit, and the action is the means of enforcing the right."). Jury demands and prayers for relief do not qualify

as such. See id. ("A cause of action is distinguishable from a remedy, which is the means or method by which the cause of action is satisfied."). Based on the following, Counts VI and VII are dismissed as counts, but the substance thereof—Plaintiff's jury demand and prayer for relief—shall remain intact as part of the Amended Complaint.

## V. CONCLUSION

For the reasons above, CCS's Motion to Dismiss or Strike, ECF No. 40, is **GRANTED**. The Court retains jurisdiction over Counts II–IV, while Counts I, V–VII are hereby **DISMISSED WITHOUT PREJUDICE**. While Counts VI and VII are dismissed as counts, the substance of Plaintiff's jury demand and prayer for relief remains intact as part of the Amended Complaint. Accordingly, Plaintiff's action shall proceed against CCS on Counts II–IV.

The Clerk is further **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
February 18, 2020